UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDITH MAE MAY,

        Petitioner,

        v.                                    Case No. 19-C-1442

SARAH COOPER,

        Respondent.

## SCREENING ORDER

On October 2, 2019, Petitioner Edith Mae May, who is currently incarcerated at Taycheedah Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Kenosha County Circuit Court of Burglary, Attempted Armed Robbery, and Armed Robbery and was sentenced to 6 years in prison. Although May has filed fifteen other cases in the court, this appears to be her only action for relief under § 2254. In any event, the case was first assigned to Magistrate Judge Nancy Joseph who, when May failed to pay the filing fee, filed with the court a Report and Recommendation that her case be dismissed for failure to prosecute. May has since paid the $ 5.00 filing fee and so dismissal on that ground would no longer be appropriate. Instead, the court will proceed to screen May's Petition pursuant to Rule 4 of the Rules Governing §2254 cases. That rule reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

In her Petition, May alleges that she is entitled to relief first of all because the police violated the scope of the search warrant. She contends that they were authorized to look for evidence of burglary and attempted armed robbery, and instead searched and found evidence of cocaine. The Wisconsin Court of Appeals rejected her claim, noting that she was convicted of burglaries and armed robbery, and that there was substantial evidence supporting the crimes to which she pled guilty independent of any search. Specifically, the court noted that the evidence included security footage implicating her in both the burglary and armed robbery. It also included footprints of the perpetrator of the attempted armed robbery leading to her residence. In addition, the court noted she confessed to all three crimes following her lawful arrest. In light of this evidence, the fact that there may have been grounds upon which to seek suppression of cocaine that was not evidence to any of the crimes to which she pled guilty is irrelevant. Since the court of appeals decision is entirely reasonable, the claim will be summarily dismissed.

As ground two, May contends that her attorney provided her ineffective assistance of counsel by failing to let her know that, by pleading guilty, she would waive her right to challenge the illegal search and seizure of cocaine from her home. Again, because the claim fails on its merits, her attorney's failure to advise her that she was waiving the claim is of no import. This claim will also be dismissed.

Claims three, four, and five of the Petition relate to conditions of confinement and have no bearing on May's conviction. Ground three is that she was searched without a female officer present. Ground four alleges that she was not protected from injury or harm while in custody and under arrest. Finally, ground five alleges a denial of medical care and mental health treatment. None of these claims relate to her current custody or conviction. Accordingly, they will be summarily dismissed as well. I also note that May failed to exhaust state court remedies on these

additional grounds, but because they are patently without merit, summary dismissal of the Petition is appropriate.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. A certificate of appealability will also be **DENIED**. I do not believe that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment dismissing the case.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, she should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 16th day of December, 2019.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court